William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

*Attorneys for Plaintiff*
*Shionogi Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHIONOGI INC., <br><br> Plaintiff, <br><br> v. <br><br> AZURITY PHARMACEUTICALS, INC., AZURITY PHARMACEUTICALS INDIA LLP, and SLAYBACK PHARMA LLC, <br><br> Defendants. | Civil Action No. 26-9805 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shionogi Inc. ("Shionogi" or "Plaintiff"), by its undersigned attorneys, brings this action for patent infringement against Defendants Azurity Pharmaceuticals, Inc. ("Azurity"), Azurity Pharmaceuticals India LLP ("Azurity India"), and Slayback Pharma LLC ("Slayback," and together with Azurity and Azurity India, "Defendants"), and hereby alleges, on knowledge as to its own actions, and on information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is an action for infringement by Defendants, under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, of Shionogi's United States Patent No. 12,599,586 ("the '586 patent") (the "Patent-in-Suit"), under the United States Patent Laws, 35 U.S.C. §§ 100 *et seq.*, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2.      This action arises from Defendants' submission to the United States Food and Drug Administration ("FDA") of 505(b)(2) NDA No. 221059, seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its pharmaceutical products before the expiration of the Patent-in-Suit, which is listed in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, (the FDA's "Orange Book") for RADICAVA ORS®.

3.     There are several related patent infringement actions, involving the same drug RADICAVA ORS® and certain of the same patents, pending in this District. *See In re Radicava ORS*, Civil Action No. 25-03326 (D.N.J.) (filed Apr. 25, 2025); *Tanabe Pharma Corp. v. Sandoz Inc.*, Civil Action No. 25-16664 (D.N.J.) (filed Oct. 15, 2025); *Tanabe Pharma Corp. v. Cipla USA, Inc., et al.*, Civil Action No. 25-16677 (D.N.J.) (filed Oct. 16, 2025); *Tanabe Pharma Corp. v. Apotex Inc., et al.*, Civil Action No. 25-16679 (D.N.J.) (filed Oct. 16, 2025); *Tanabe Pharma Corp. v. Lupin Ltd., et al.*, Civil Action No. 25-16680 (D.N.J.) (filed Oct. 16, 2025); *Mitsubishi Tanabe Pharma Corp. v. Zydus Pharmaceuticals (USA) Inc. et al.*, Civil Action No. 25-18032 (D.N.J.) (filed Nov. 29, 2025); *Tanabe Pharma Corp. v. Azurity Pharmaceuticals, Inc. et al.*, Civil Action No. 26-00559 (D.N.J.) (filed Jan. 16, 2026); *Tanabe Pharma Corp. v. Cipla USA, Inc.*, *et al.*, Civil Action No. 26-01734 (D.N.J.) (filed Feb. 20, 2026); *Shionogi Inc. v. Lupin Ltd., et al.*, Civil Action No. 26-03893 (D.N.J.) (filed Apr. 13, 2026); *Shionogi Inc. v. Lupin Ltd., et al.*, Civil Action No. 26-06218 (D.N.J.) (filed May 28, 2026); *Shionogi Inc. v. Zydus Pharmaceuticals (USA) Inc. et al.*, Civil Action No. 26-06619 (D.N.J.) (filed June 5, 2026); *Shionogi Inc. v. Sandoz Inc.*, Civil Action No. 26-07063 (D.N.J.) (filed June 12, 2026); *Mitsubishi Tanabe Pharma Corporation v. Cipla USA, Inc., et al.*, Civil Action No. 26-07336 (D.N.J.) (transferred June 18, 2026); *Shionogi Inc. v. Lupin Ltd., et al.*, Civil Action No. 26-07831 (D.N.J.) (filed June 26, 2026); *Shionogi Inc. v. Sandoz Inc.*, Civil Action No. 26-08842 (D.N.J.) (filed July 16, 2026); *Shionogi Inc. v. Cipla USA, Inc., et al.*, Civil Action No. 26-09658 (D.N.J.) (filed July 30, 2026).

3

4.      As publicly announced on December 22, 2025, Shionogi entered into an agreement to acquire the global RADICAVA ORS® business from Tanabe Pharma Corporation ("TPC") (formerly known as Mitsubishi Tanabe Pharma Corporation ("MTPC")). As of April 1, 2026, Shionogi acquired ownership and control of the RADICAVA ORS® assets in the United States, including the NDA for RADICAVA ORS® and its Orange Book-listed patents.

5.      Pursuant to this transfer of ownership, TPC intends to file motions pursuant to Federal Rule of Civil Procedure 25(c) to address the transfer of interest and to substitute Shionogi as the appropriate Plaintiff.

## AMYOTROPHIC LATERAL SCLEROSIS

6.      Amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease, is a devastating and fatal neurodegenerative disease that causes motor neurons – nerve cells in the brain and spinal cord – to progressively decay and die. When this happens, the brain's ability to control muscle movement is progressively lost as the patient loses the ability to speak, eat, move and eventually breathe. The underlying causes of ALS are not known. Once diagnosed with ALS patients, on average, die within 3 to 5 years from when symptoms first appear, although their quality of life deteriorates substantially throughout their few remaining years. However, in patients diagnosed much later, the survival window is even shorter – often within months. There is no cure for ALS.[1]

7.      The care of an ALS patient is burdensome, requiring a team of medical professionals, specialized equipment, and constant attention of a caregiver. Caregivers are often

_____

[1] Information in this paragraph is sourced from www.als.org and the National Institute of Health's "Amyotrophic Lateral Sclerosis fact sheet" (January 2017), available from https://www.ninds.nih.gov/sites/default/files/migrate-documents/ALS_FactSheet-E_508C.pdf and downloaded on September 28, 2025.

4

relatives who have forgone their occupations in order to care for the daily activities of the ALS patient. The demands of caregiving for an ALS patient take a toll on the health and finances of their caregivers as well. Of the neurodegenerative diseases, ALS is considered one of the most expensive and burdensome, imposing significant direct and indirect costs on the ALS patient, the caregivers, medical professionals, and the healthcare industry.

8.      Since 1980, although over one hundred (100+) clinical trials with various compounds have been conducted and published, only four active pharmaceutical ingredients ("APIs") have been approved by the FDA for the treatment of ALS. RELYVRIO®, a drug using one of those APIs, was subsequently withdrawn from the market due to a failed clinical study. RADICAVA ORS® is one of the few drug formulations containing one of the remaining three approved APIs for the treatment of ALS.

### **RADICAVA ORS®**

9.      Shionogi is the owner of NDA No. 215446. Through its approval of NDA No. 215446 on May 12, 2022, the FDA granted approval of the first oral suspension formulation containing the edaravone API at a dose concentration of 105 mg/5 mL, available in the United States and marketed and sold under the trade name RADICAVA ORS®.

10.      TPC, the prior owner of the RADICAVA ORS® business and assets and developer of RADICAVA ORS®, invested hundreds of millions of dollars in research and development demonstrating the efficacy and safety of RADICAVA ORS® for the treatment of ALS.

11.      Although there is no cure for ALS, RADICAVA ORS® helps slow the progression (*i.e.*, loss of physical function) of the disease in ALS patients by approximately thirty-three percent (33%) as compared to a placebo over the same six-month period. Unlike the prior RADICAVA® intravenous ("IV") formulation, RADICAVA ORS® can be administered by the patient or

caregivers at the convenience of a home setting, either orally or via a feeding tube, and in only a few minutes. There is no need to transport the patient to a healthcare facility for IV injection of RADICAVA®.

12.     On March 28, 2024, the FDA granted seven years of Orphan Drug Exclusivity for RADICAVA ORS® for the treatment of ALS based upon the FDA's assessment that RADICAVA ORS® constitutes a major contribution to patient care for people living with ALS because it provides patients with the clinically superior option of an oral suspension route of administration, reducing the burden patients faced with IV administration of the previously approved RADICAVA® formulation.

13.     Pursuant to 21 U.S.C. § 360cc(a)(2) relating to Orphan Drug Exclusivity, the FDA may not approve another application "for the same drug for the same disease or condition for a person who is not the holder of such approved application or of such license until the expiration of seven years from the date of the approval of the approved application or the issuance of the license."

14.     The Orphan Drug Exclusivity for RADICAVA ORS® expires on May 12, 2029.

15.     The Patent-in-Suit is listed in the Approved Drug Products With Therapeutic Equivalence Evaluations ("Orange Book") in connection with NDA No. 215446 for RADICAVA ORS®.

## THE PARTIES

16.     Shionogi is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 400 Campus Drive, Florham Park, New Jersey 07932.

17.     On information and belief, Defendant Azurity is a company organized under the laws of Delaware, having a place of business at 8 Cabot Road, Suite 2000, Woburn MA, 01801.

On information and belief, Azurity also has a place of business in New Jersey. On information and belief, Azurity's Chief Scientific Officer, Ajay Singh, is the founder and CEO of Slayback and is currently located at Slayback's established place of business in Princeton, New Jersey. *See* Publicly Available LinkedIn Profile for Ajay Singh, last accessed on July 14, 2026 (https://www.linkedin.com/in/ajay-singh-6b04312); Publicly Available Azurity Management File for Ajay Singh, last accessed on July 14, 2026 (https://azurity.com/management/ajay-singh/). On information and belief, Azurity's Alliance Manager, Praveen Subbappa, is currently located at Slayback's Princeton, New Jersey, established place of business. *See* Publicly Available LinkedIn Profile for Praveen Subbappa, last accessed on July 14, 2026 (https://www.linkedin.com/in/praveen-subbappa-3871639/).

18.    On information and belief, Defendant Azurity India is a company organized under the laws of India, having a principal place of business at 310, 3rd Floor, Manjeera Trinity Corporate, JNTU – Hitech City Road, KPHB, Phase 3, Kukatpally Hyderabad, Telangana, 500072, India. On information and belief, Azurity India manufactures, distributes, and/or imports generic drugs for sale throughout the United States, including in this judicial district, at the direction, under the control, and for the direct benefit of its parent company, Azurity. On information and belief, Azurity India is a wholly owned subsidiary of Azurity.

19.    On information and belief, Defendant Slayback is a company organized under the laws of Delaware, having a regular and established place of business at 301 Carnegie Center, Suite 303, Princeton, New Jersey 08540. On information and belief, Slayback manufactures, distributes and/or imports generic drugs for sale throughout the United States, including in this judicial district, at the direction, under the control, and for the direct benefit of its parent company, Azurity.

7

20.     On information and belief, on September 27, 2023, Azurity announced that it acquired Slayback, and accordingly, on information and belief, Slayback is a wholly owned subsidiary of Azurity. In Azurity's press release announcing the acquisition of Slayback, Azurity's CEO, Richard Blackburn, stated: "We will bring the commercial expertise of Azurity to Slayback's pipeline and look forward to introducing an even wider range of dose-forms and formulations to meet a broader set of patient needs." In addition, Jeff Edwards, an alleged "Partner at QHP Capital, the majority owner of Azurity," had stated: "The acquisition of Slayback accelerates Azurity's strategic growth plan and enhances our ability to launch multiple innovative new drug products into the market every year to serve overlooked patients." *See* Azurity's September 27, 2023 Press Release (https://azurity.com/azurity-pharmaceuticals-acquires-slayback-pharma/) (last accessed July 14, 2026).

21.     On information and belief, Slayback and Azurity continue to hold themselves out to the public as a single company.

22.     On information and belief, as of the filing of this complaint, when calling the publicly listed phone number for Slayback, the following automated message plays: "Welcome to Slayback Pharma LLC and Azurity Pharmaceuticals Incorporated, a company serving overlooked patients. We are not a medical facility. If you have questions regarding our products or want to report an adverse event, please hang up and call our customer service number, 844-566-2505."

23.     On information and belief, Slayback's web presence (slayback-pharma.com) now routes users to Azurity's website, evidencing Azurity's control over Slayback's public-facing communications and branding.

24.     On information and belief, Defendants Azurity, Azurity India, and Slayback operate as integrated units of the same corporate group, acting collaboratively and as agents or

alter egos of one another in the development, regulatory submission, and commercialization of pharmaceutical products.

25. On information and belief, Azurity is the holder of 505(b)(2) NDA No. 221059, seeking FDA approval to market an edaravone oral formulation "105 mg / 5 mL," an edaravone product for the treatment of ALS, relying upon Shionogi's RADICAVA ORS® as the Reference Label Drug ("RLD") and the studies disclosed in Shionogi's NDA No. 215446 for RADICAVA ORS® in seeking abbreviated FDA approval for 505(b)(2) NDA No. 221059 before expiry of Patent-in-Suit claiming RADICAVA ORS®.

26. On information and belief, Defendants are in the business of, *inter alia*, directly or indirectly, developing, manufacturing, marketing, distributing, selling, offering for sale, and/or importing generic versions of branded pharmaceutical products throughout the world, including the United States and the State of New Jersey.

27. On information and belief, Defendants caused Azurity's 505(b)(2) NDA No. 221059 to be submitted to FDA from this district, and seek FDA approval of Azurity's 505(b)(2) NDA to market a generic copy of RADICAVA ORS®.

28. On information and belief, after obtaining FDA approval of Azurity's 505(b)(2) NDA No. 221059, Defendants will act cooperatively to distribute, offer to sell, and sell the proposed infringing products described in Azurity's 505(b)(2) NDA No. 221059 throughout the United States, including the State of New Jersey, consistent with their earlier actions with respect to other generic versions of branded pharmaceutical products.

## JURISDICTION AND VENUE

29.    Shionogi restates, realleges, and incorporates by reference paragraphs 1–28 as if fully set forth herein.

30.    This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code.

31.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

32.    This Court may exercise jurisdiction over Azurity because, on information and belief, Azurity is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Azurity directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Azurity purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

33.    This Court may exercise personal jurisdiction over Azurity India because, on information and belief, Azurity India is an Indian company and is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Azurity India directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Azurity India purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

34.    This Court may exercise jurisdiction over Slayback because, on information and belief, Slayback is in the business of manufacturing, marketing, importing and selling

pharmaceutical drug products, including generic drug products. On information and belief, Slayback directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Slayback purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

35.    On information and belief, as described in Defendants' Notice Letter, dated June 16, 2026 ("Defendants' Notice Letter"), Defendants caused 505(b)(2) NDA No. 221059 to be submitted to the FDA to seek FDA approval of 505(b)(2) NDA No. 221059 prior to the expiration of the Patent-in-Suit listed in the Orange Book for RADICAVA ORS®.

36.    This Court also has personal jurisdiction over Defendants because Defendants have committed, aided, abetted, and participated and/or will commit, will aid, will abet, and/or will participate in the commission of acts of patent infringement, including acts in this judicial district, which have led to foreseeable harm and injury to Shionogi in this judicial district. For example, on information and belief, Defendants purposefully availed themselves of this forum through coordinated R&D, regulatory submission activities, and commercialization for Defendants' proposed edaravone product that is the subject of 505(b)(2) NDA No. 221059.

37.    Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Azurity for reasons stated above and, inter alia, on information and belief, Azurity has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey. In particular, Azurity has submitted its 505(b)(2) NDA No. 221059 to market an edaravone oral formulation before expiry of Patent-in-Suit claiming RADICAVA ORS®, thereby infringing under 35 U.S.C. §271(e)(2). Moreover, as at least the reasons above prima facie support, and, inter alia, based on information and belief, Slayback is Azurity's agent and/or alter ego for purposes of

11

505(b)(2) NDA No. 221059 and Azurity has ratified Slayback's Princeton, N.J., regular and established place of business therefor.

38.     Venue and/or jurisdiction are proper in this Court for Azurity also because Azurity has availed itself of the rights, benefits, and privileges of this Court by filing at least the following complaints in this District: *Azurity Pharms., Inc. et al. v. Aurobindo Pharma Ltd.*, Civil Action No. 25-01507; *Azurity Pharms., Inc. v. MSN Pharms. Inc., et al.*, Civil Action No. 25-13775; *Azurity Pharms., Inc. v. Annora Pharma Priv. Ltd.*, Civil Action No. 24-08809; *Azurity Pharms., Inc. v. Aurobindo Pharma Ltd. et al.*, Civil Action No. 23-23273; *Azurity Pharms., Inc. v. Annora Pharma Priv. Ltd.*, Civil Action No. 23-18420; *Azurity Pharms., Inc. et al. v. Zydus Worldwide DMCC et al.*, Civil Action No. 23-04152; *Azurity Pharms., Inc. v. Cosette Pharms., Inc.*, Civil Action No. 23-03830; *Azurity Pharms., Inc. v. Alkem Labs. Ltd.*, Civil Action No. 23-00079; *Azurity Pharms., Inc. v. Novitium Pharma, LLC*, Civil Action No. 22-05860; *Azurity Pharms., Inc., et al. v. Amneal Pharms., LLC*, Civil Action No. 22-02323; *Azurity Pharms., Inc. v. Bionpharma Inc.*, Civil Action No. 21-12870; *Azurity Pharms., Inc. v. Amneal Pharms., LLC*, Civil Action No. 21-08717.

39.     Venue and/or jurisdiction are proper in this Court for Azurity also because Azurity India and Slayback, based on the reasons provided above and on information and belief, themselves and/or in cooperation with Azurity and/or as agents or alter egos of Azurity, have submitted the 505(b)(2) NDA No. 221059.

40.     Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Azurity India for reasons stated above and, inter alia, because Azurity India is a foreign corporation and may be sued in any judicial district in the United States.

41.     Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Slayback who has a regular and established place of business in New Jersey and who has, based

12

on the reasons provided above and on information and belief, committed acts of infringement in New Jersey through its involvement in the preparation and submission of 505(b)(2) NDA No. 221059 and stands to benefit from the NDA's approval as a submitter thereof.

## THE PATENT-IN-SUIT

42.     Shionogi owns the '586 patent, which was duly and legally issued on April 14, 2026, and is entitled "Edaravone suspension for oral administration." A copy of the '586 patent is attached as Exhibit A.

## DEFENDANTS' ABBREVIATED 505(b)(2) NDA AND PROPOSED PRODUCT

43.     On information and belief, Azurity is the holder of 505(b)(2) NDA No. 221059, seeking FDA approval to market an edaravone oral formulation "105 mg / 5 mL," an edaravone product for the treatment of ALS, relying upon Shionogi's RADICAVA ORS® as the Reference Label Drug ("RLD") and the studies disclosed in Shionogi's NDA No. 215446 for RADICAVA ORS® in seeking abbreviated FDA approval for 505(b)(2) NDA No. 221059 before expiry of the Patent-in-Suit claiming RADICAVA ORS®.

44.     On information and belief, Defendants caused 505(b)(2) NDA No. 221059 to be submitted to FDA and seek FDA approval of 505(b)(2) NDA No. 221059 before expiry of Patent-in-Suit claiming RADICAVA ORS®.

45.     On information and belief, Defendants seek approval of 505(b)(2) NDA No. 221059 for a proposed edaravone formulation, administered at a dose concentration of 105 mg/5 mL.

46.     On information and belief, 505(b)(2) NDA No. 221059 identifies RADICAVA ORS® as the reference listed drug ("RLD").

13

47. On information and belief, Defendants seek FDA approval of 505(b)(2) NDA No. 221059 to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its proposed edaravone formulation as a proposed generic copy of RADICAVA ORS®.

48. On information and belief, the FDA has not granted final approval of 505(b)(2) NDA No. 221059.

49. On information and belief, prior to the acquisition of Slayback in September 2023, Azurity lacked patents and technical know-how directed to ALS treatment and edaravone formulations. On information and belief, Slayback had been actively developing such formulations, including subject matter described in U.S. Patent Nos. 12,343,330 ("the '330 patent") and 12,491,178 ("the '178 patent"), both titled "Stable Pharmaceutical Compositions of Edaravone," assigned on their face to Slayback, and claiming priority to Indian Provisional Patent Application No. 202341010407, filed February 16, 2023. The '330 and '178 patents both list Praveen Kumar Subbappa as an inventor, residing in Princeton, New Jersey. On information and belief, the '330 and '178 patents are now assigned to Azurity.

50. On information and belief, Defendants acted collaboratively and in concert in the preparation and submission of 505(b)(2) NDA No. 221059, leveraging Slayback's R&D knowledge and personnel, including Ajay Singh (Slayback's Founder and CEO, now Azurity's Chief Scientific Officer) and Praveen Subbappa (named inventor on Slayback's '330 and '178 patents and now Alliance Manager at Azurity with involvement in regulatory matters, see LinkedIn profile for Praveen Subbappa, last accessed on Jan. 16, 2026 (https://www.linkedin.com/in/praveensubbappa-387163), both located in Princeton, New Jersey. On information and belief, substantial technical information and regulatory interaction supporting 505(b)(2) NDA No. 221059 are from Slayback's Princeton, New Jersey facility.

51.     On information and belief, the subject matter disclosed in Slayback's '330 and '178 patents tracks Defendants' proposed edaravone product that is the subject of 505(b)(2) NDA No. 221059, which is also consistent with Defendants' description of their proposed oral edaravone formulation product in Defendants' notification of 505(b)(2) NDA No. 221059 and the certification under 21 U.S.C. § 355(b)(2)(A)(iv) of the FDCA ("Defendants' Notice Letter"), dated June 16, 2026. For example, Defendants characterize their own proposed edaravone product as allegedly a solution in Defendants' Notice Letter, and the oral edaravone formulations disclosed in Slayback's '330 and '178 patents are said to be edaravone solutions.

52.     On information and belief, Slayback's Princeton facility is integral to Azurity's edaravone program including Defendants' proposed edaravone product that is the subject of 505(b)(2) NDA No. 221059, and functions as Azurity's place of business for the edaravone formulation in 505(b)(2) NDA No. 221059 for which Azurity seeks approval before the expiry of Patent-in-Suit.

53.     On information and belief, after obtaining FDA approval of 505(b)(2) NDA No. 221059, Defendants intend to distribute, offer to sell, and sell the proposed infringing products described in 505(b)(2) NDA No. 221059 throughout the United States, including this judicial district, and/or import such products into the United States, including into this judicial district.

54.     On information and belief, Defendants sent Shionogi a letter ("Defendants' Notice Letter"), purporting to include "Detailed Statement of the Factual and Legal Bases for Azurity's Paragraph IV Certification Concerning United States Patent No. 12,599,586." Defendants' Notice Letter stated that Defendants had filed 505(b)(2) NDA No. 221059, seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' generic products before the expiration of the Patent-in-Suit. Although Defendants' Notice Letter purports that Defendants'

15

proposed edaravone product will not infringe the Patent-in-Suit, Defendants' Notice Letter provides no substantive factual basis for noninfringement.

55.     To date, Shionogi has not received samples of Defendants' infringing edaravone product or the edaravone API used by Defendants.

56.     Counsel for TPC, pursuant to an agreed Offer of Confidential Access, obtained and reviewed portions of 505(b)(2) NDA No. 221059. Based on the Notice Letter, the materials provided by Defendants to TPC's counsel, and publicly available information, Defendants have infringed at least one claim of the Patent-in-Suit by filing 505(b)(2) NDA No. 221059 Application with a Paragraph IV Certification. Moreover, if Defendants are permitted to manufacture, market, and sell their proposed edaravone product subject to 505(b)(2) NDA No. 221059, such conduct would infringe at least one claim of the Patent-in-Suit. At a minimum, the information reviewed does not support Defendants' representation that their proposed edaravone product subject to 505(b)(2) NDA No. 221059 will not infringe the claims of the Patent-in-Suit.

## CLAIMS FOR RELIEF

## COUNT 1: INFRINGEMENT OF THE '586 PATENT

57.     Shionogi restates, realleges, and incorporates by reference paragraphs 1–56 as if fully set forth herein.

58.     On information and belief, Defendants submitted and/or caused the submission of 505(b)(2) NDA No. 221059 to the FDA, seeking approval of Defendants' proposed edaravone product in the United States prior to the expiration of the '586 patent.

59.     On information and belief, Defendants' proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '586 patent, including at least Independent Claim 1 of the '586 patent.  For example, on information and belief,

differences, if any, between the features of Defendants' proposed edaravone product and the claims of the '586 patent are insubstantial, and Defendants' proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the methods and/or products claimed in the '586 patent.

60.     Defendants have infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '586 patent by submitting 505(b)(2) NDA No. 221059 seeking approval of Defendants' proposed edaravone product prior to the expiration of the '586 patent listed in the FDA Orange Book.

61.     On information and belief, Defendants intend to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Defendants' proposed edaravone product upon receipt of final FDA approval of 505(b)(2) NDA No. 221059.

62.     On information and belief, the importation, manufacture, offer to sell, sale, or use of Defendants' proposed edaravone product in the United States prior to the expiration of the '586 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '586 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

63.     On information and belief, Defendants had actual and constructive notice of the '586 patent prior to filing 505(b)(2) NDA No. 221059, seeking approval of Defendants' proposed edaravone product.

64.     Shionogi is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of 505(b)(2) NDA No. 221059 be a date that is not earlier than the expiration date of the '586 patent or the later expiration of any patent term extension and/or

17

patent term adjustment and any additional periods of exclusivity for the '586 patent to which Shionogi is or becomes entitled.

65.    Shionogi is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, or sell Defendants' proposed edaravone product within the United States, or import Defendants' proposed edaravone product into the United States, or induce or contribute to such activities, Defendants will infringe one or more claims of the '586 patent under 35 U.S.C. §§ 271(a), (b) and (c).

66.    Shionogi will be irreparably harmed if Defendants are not enjoined from Defendants' activities infringing the '586 patent. Shionogi does not have an adequate remedy and an award of damages would not make Shionogi whole.

## PRAYER FOR RELIEF

**WHEREFORE,** Shionogi respectfully requests the following relief:

A.    A judgment that Defendants have infringed the Patent-in-Suit pursuant to 35 U.S.C. § 271(e)(2) by submitting 505(b)(2) NDA No. 221059 to the FDA seeking approval of Defendants' proposed edaravone product prior to the expiration of one or more claims of the Patent-in-Suit;

B.    A judgment that the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States, of Defendants' proposed edaravone product described in NDA No. 221059 will infringe, induce, and/or contribute to the infringement of one or more claims of the Patent-in-Suit;

C.    An order issued pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of NDA No. 221059 be a date not earlier than the expiration date of the Patent-in-Suit, including any patent term extensions and/or patent term adjustments and any additional periods of exclusivity to which Shionogi is or becomes entitled;

18

D.      An order preliminarily and permanently restraining and enjoining Defendants, Defendants' directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with Defendants, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product, or the use thereof, claimed in the Patent-in-Suit, before the expiration date of the Patent-in-Suit, including any patent term extension and/or patent term adjustment and any periods of exclusivity, including Orphan Drug Exclusivity, to which Shionogi is or becomes entitled;

E.      A declaration that this is an exceptional case and an award to Shionogi of its reasonable expenses, including attorneys' fees pursuant to 35 U.S.C. § 285;

F.      An award to Shionogi of costs incurred in this action; and

G.      Such other and further relief as the Court may deem just and proper.

Dated: August 3, 2026
      Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

Bryan C. Diner
John D. Livingstone (*pro hac vice* to be submitted)
Kassandra M. Officer (*pro hac vice* to be submitted)
Kenneth S. Guerra (*pro hac vice* to be submitted)
Li Zhang (*pro hac vice* to be submitted)
Alexander E. Newkirk (*pro hac vice* to be submitted)
Shivani Karthikeyan (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

Chiaki Kobayashi (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome
Minato-ku, Tokyo, JAPAN 105-6033
+813-3431-6943

*Attorneys for Plaintiff*
*Shionogi Inc.*

20